UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GALAXY GENERAL CONTRACTING CORP. and
ARCH INSURANCE GROUP, INC.,

                          Plaintiffs,

   v.                                                    Civil No. 1:10-CV-1667

ILLINOIS UNION INSURANCE COMPANY,

                          Defendant.

---

## ANSWER

Defendant, Illinois Union Insurance Company ("Illinois Union"), by and through its attorneys, Hodgson Russ LLP, for its answer to the complaint, states as follows:

### INTRODUCTION

1. No response is necessary because this paragraph alleges a legal conclusion, but to the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

2. No response is necessary because this paragraph alleges a legal conclusion, but to the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

## VENUE AND JURISDICTION

3. Denies knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, denies the allegations.

4. Denies knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, denies the allegations.

5. Admits the allegations in this paragraph.

## FACTUAL BACKGROUND

6. Denies knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, denies the allegations.

7. Admits that the referenced document speaks for itself and denies the remaining allegations in this paragraph.

8. Admits that the referenced document speaks for itself and denies the remaining allegations in this paragraph.

9. Admits that the referenced document speaks for itself and denies the remaining allegations in this paragraph.

10. Admits that the referenced document speaks for itself and denies the remaining allegations in this paragraph.

## THE POLICY OF INSURANCE

11. Admits that Illinois Union issued the referenced policy to MC&O and that the policy speaks for itself, denies the remaining allegations in this paragraph.

## AS AND FOR A CAUSE OF ACTION AGAINST ILLINOIS
## (DECLARATORY JUDGMENT)

12. Defendant repeats and re-alleges its responses to paragraphs 1 through 12 as if fully set forth here.

13. No response is necessary because this paragraph alleges a legal conclusion, but to the extent a response is deemed necessary, defendant denies the allegations in this paragraph.

14. Denies the allegations in this paragraph.

15. Admits the allegations in this paragraph.

16. Denies the allegations in this paragraph.

17. Denies knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, denies the allegations.

18. No response is necessary because this paragraph alleges a legal conclusion, but to the extent a response is deemed necessary, defendant denies the allegations in

this paragraph.

19. Denies each and every allegation, to the extent there are any, in the WHEREFORE clause.

## GENERAL DENIAL

20. Denies each and every allegation not otherwise expressly addressed in this Answer.

## DEFENSES

### FIRST DEFENSE

21. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

22. Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of latches, estoppel, or waiver.

### THIRD DEFENSE

23. Some or all of the claims at issue may be barred in whole or in part by the limits of liability, endorsements, and other terms, conditions, limitations, and exclusions in the Illinois Union policy.

### FOURTH DEFENSE

24. Illinois Union has no duty to defend or indemnify Plaintiffs under the Illinois Union policy to the extent Plaintiffs failed to satisfy all conditions precedent to coverage,

including, but not limited to, the notice requirements set forth in the Illinois Union policy.

### FIFTH DEFENSE

25. Illinois Union has no duty to defend or indemnify the Plaintiffs for the underlying bodily injury action to the extent the Plaintiffs breached the voluntary payments conditions and provisions of the Illinois Union policy, incurred obligations, or made certain payments (or permitted certain payments to be made) without the prior consent of Illinois Union.

### SIXTH DEFENSE

26. Illinois Union has no obligation under the Illinois Union policy to defend or indemnify Plaintiffs for the underlying bodily injury action to the extent that Plaintiffs incurred, and seeks recovery from Illinois Union for, pre-notice costs, expenses, and expenditures to, among other things (1) investigate, respond to, or defend the underlying bodily injury action; and (2) resolve the underlying bodily injury action by settlement, compromise, or judgment.

### SEVENTH DEFENSE

27. Illinois Union has no duty to defend or indemnify the Plaintiffs for the underlying bodily injury action to the extent they failed to comply with the Illinois Union policy's Cooperation Clause.

### EIGHTH DEFENSE

28. Illinois Union has no duty to defend or indemnify the Plaintiffs for the underlying bodily injury action to the extent any losses are covered by any primary insurance,

co-insurance, other insurance, self-insurance, deductibles, collateral sources of money, other contractual indemnitors, odor controlled insurance program, contractor controlled insurance program, or any other source of insurance, or to the extent the Illinois Union policy provides limited or no insurance based on allocation.

## NINTH DEFENSE

29.     Illinois Union has no duty to defend or indemnify the Plaintiffs for the underlying bodily injury action to the extent Plaintiffs failed to mitigate their damages or have taken certain actions or failed to take certain actions which have prejudiced Illinois Union.

## COUNTERCLAIM

30.     Illinois Union repeats the allegations in paragraphs 1 through 29.

31.     There is a justiciable controversy as to whether Plaintiffs are entitled to coverage and/or contribution under the Illinois Union policy for the claims asserted in the Underlying Action.

32.     Illinois Union is entitled to a judicial declaration that Plaintiffs are not entitled to coverage and/or contribution under the terms, limitations, definitions, exclusions, or conditions of the Illinois Union policy.

WHEREFORE, Illinois Union seeks the following relief:

a) Dismissal of the Complaint;

b) A declaration that it owes Plaintiffs no coverage for the Underlying Action;

c) Its costs and disbursements for this action; and

d) Such other and further relief as the Court deems necessary and proper.

Dated: March 8, 2010

        **HODGSON RUSS LLP**
        *Attorneys for Illinois Union Insurance Company*

        By: /S/ Ryan K. Cummings
            Patrick M. Tomovic (PT 4030)
            Ryan K. Cummings (RC 5411)
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, New York 14202
        Telephone: (716) 856-4000
        Facsimile: (716) 849-0349
        E-mail: *ptomovic@hodgsonruss.com*
        E-mail: *ryan_cummings@hodgsonruss.com*

TO: **GALLO VITUCCI & KLAR, LLP**
     *Attorneys for Plaintiffs*
     Jeffrey L. Richman, Esq.
     90 Broad Street, 3rd Floor
     New York, New York 10004
     Telephone: (212) 683-7100
     Facsimile: (212) 683-5555
     E-mail: *jrichman@gvlaw.com*